Alex N. Jilizian (CA SBN 362307)
alex@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorney for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH STOGDEN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SAVVY INSURANCE SOLUTIONS, LLC.,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

1.     Josh Stogden ("Plaintiff") brings this class action against Savvy Insurance Solutions, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing

to be delivered, more than one advertisement or marketing text message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

## NATURE OF ACTION

3.    "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

4.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the National Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations,

CLASS ACTION COMPLAINT
-2-

he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

5.     This case involves a campaign by Savvy Insurance Solutions, LLC ("Savvy") to market its services through the use of telemarketing text messages in violation of the TCPA, including to individuals on the National Do Not Call Registry.

6.     Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

7.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

8.     Plaintiff is a natural person who at all relevant times resided in this District.

9.     Defendant is a limited liability company based in Brighton, Suffolk County, Massachusetts.

## JURISDICTION AND VENUE

10.    This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

11.    This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant sent communications into this District.

## PLAINTIFF'S ALLEGATIONS

12.    Plaintiff is, and has been for many years, the regular and sole user of his cellular telephone number—(661) XXX-XXXX.

13. Plaintiff uses his cell phone number for personal use only as one would use a landline telephone number in a home.

14. Plaintiff uses his cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

15. Plaintiff has a landline in his home.

16. Plaintiff does not have any other telephone number.

17. Plaintiff pays for his Verizon cell phone plan himself, and is not reimbursed by a business.

18. Plaintiff has never had his cell phone number associated with a business.

19. Plaintiff has never used his phone number in any business or marketing materials.

20. Plaintiff's telephone number (661) XXX-XXXX has been registered with the DNC Registry since April 1, 2010.

21. Despite this, Defendant delivered, or caused to be delivered, at least three text messages to telephone number (661) XXX-XXXX.

22. The text messages were sent on December 19, 2025, January 13, 2026, and February 10, 2026.

23. The text entries are provided below:

1:33

+1 (855) 760-... 〉

Text Message • SMS
Fri, Dec 19 at 9:36 AM

Hi Gary, it's Abby from Savvy. I found an option with State Farm that could help you save on your current GEICO bill. Feel free to call or text me anytime, or view online here: https://click.savvy.insure/4b636cbc-89f5-4059-8398-a8fc518d3ecb

Tue, Jan 13 at 10:04 AM

Hi Gary! This



Text Message • S...

Savvy insurance. I'm
following up about



Hi Gary! This message is from Savvy Insurance. I'm following up about your recent search for insurance.

If you're still looking, Insurify has an option that could be a good fit for you. You can check it out here: https://click.savvy.insure/86976f10-11bd-4e50-a439-1af6dbaba4f3

Reply NO THANKS if you don't want help shopping or...



24. Defendant delivered, or caused to be delivered, the subject text messages to telephone number (661) XXX-XXXX thirty-one or more days after Plaintiff registered telephone number (661) XXX-XXXX with the DNC Registry.

25. The subject text messages were intended for "Gary," someone other than, and unknown to, Plaintiff.

26.    The purpose of the subject text messages was to advertise and market Defendant's business and services.

27.    Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (661) XXX-XXXX.

28.    Plaintiff did not request information or promotional materials from Defendant.

29.    Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

30.    Upon information and good faith belief, Defendant knew, or should have known, that telephone number (661) XXX-XXXX was registered with the DNC Registry on and after April 1, 2010.

31.    Upon information and belief, Defendant accessed, or had the ability to access, the National Do Not Call Registry and knew or should have known that Plaintiff's number had been registered for years before the messages were sent.

## CLASS ALLEGATIONS

32.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

CLASS ACTION COMPLAINT
-9-

33.    Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty-one days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

34.    Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

35.    **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

36.    **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of

CLASS ACTION COMPLAINT
-10-

Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

37.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

38.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a. Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

b. Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty-one days;

c. Defendant's violations of the TCPA; and

d. The availability of statutory penalties.

39.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

40.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.    Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

41.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42.    In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

*43.*    A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

44.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45.     Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

46.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

47.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

CLASS ACTION COMPLAINT
-14-

48.     Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period, at least thirty-one days after Plaintiff and class members registered their telephone numbers on the DNC Registry, in violation of 47 C.F.R. § 64.1200.

49.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A.     Certification of the class as alleged herein;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned as counsel for the Class;

D.     Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E.     Attorneys' fees and costs, as permitted by law; and

F.     Such other or further relief as the Court deems just and proper.

DATED this 15th day of June, 2026.

CLASS ACTION COMPLAINT

-15-

**PLAINTIFF**, individually and on behalf of all others similarly situated,

By: */s/ Alex N. Jilizian*

Alex N. Jilizian (CA SBN 362307)
alex@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorney for Plaintiff and the Putative Class*